## Cumberland County, Appellant, v. Vale.

*Boroughs—Drain pipes—Sewage—Alley.*

Where a borough council by a mere motion, uncontractual in purpose and simply permissive in terms, allows a property owner to lay drain pipes under an alley which is a public highway, and the motion does not state the place of discharge for the drain, and the drain pipes are so laid as to drain into a spring and befoul it, the borough may subsequently in

the interest of the public health, compel the discontinuance of the drain pipes discharging into the spring.

Argued Nov. 8, 1901.    Appeal, No. 18, March T., 1902, by plaintiff, from decree of C. P. Cumberland Co., on bill in equity in case of Cumberland County v. Thomas E. Vale, Chief Burgess.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Bill in equity for an injunction.    Before JOHN STEWART, P. J., specially presiding.

From the record it appeared that the bill was filed by certain property owners abutting on Mulberry alley in the borough of Carlisle to restrain the officers of the borough from interfering with the drain pipe laid in the alley and emptying into Letort spring.    The resolutions relating to the subject and the other facts are stated in the opinion of the Superior Court.

The court dismissed the bill.

*Error assigned* was the decree of the court.

*W. F. Sadler*, of *Sadler & Sadler*, with him *J. E. Walter*, for appellant.—Municipal corporations may make contracts within the powers expressly granted by the acts of their creation and implied powers incidental and necessary to the execution of such express powers and the performance of the duties enjoined on them.    For these purposes it will be bound to perform them the same as individuals : Dillon's Munic. Corp. (4th ed.) sec. 473 ; Western Saving Fund Society v. Philadelphia, 31 Pa. 175 ; Baily v. Philadelphia, 184 Pa. 594.

If this arrangement constituted an express contract, then there can be no question that the action of the council of 1900 is invalid, and the injunction should be reinstated : Pierce v. Cleland, 133 Pa. 189 ; Rerick v. Kern, 14 S. & R. 271 ; Huff v. McCauley, 53 Pa. 209 ; West Phila. Pass. Ry. Co. v. Dougherty, 3 W. N. C. 62 ; Boro. of Avoca v. Pittson, etc., St. Ry. Co., 7 Kulp, 470 ; Branson v. Philadelphia, 47 Pa. 331 ; Reading v. Com., 11 Pa. 201.

The right to an obstruction on a street is revocable unless something is done or suffered in consideration of the act so as to invest it with the qualities of a contract : St. Paul v. Chicago, etc., Ry. Co., 63 Minn. 330 ; Stevens v. Muskegon, 36 L.

R. A. 777; Savage v. Salem, 24 L. R. A. 787; New Orleans
v. St. Louis Church, 11 La. Ann. 244; Gregsten v. Chicago, 145
Ill. 451; Eddy v. Granger, 28 L. R. A. 517.

It is well settled that municipal authorities cannot arbitrarily
declare a thing a nuisance or destroy valuable property, law-
fully erected or created, when such thing or property is not a
nuisance per se, until this has been lawfully ascertained : Yeates
v. Milwaukee, 10 Wallace 497 ; Wood on Nuisances, p. 773.

In Pennsylvania it has been held that an injunction will lie
to restrain municipal authorities from tearing up a track which
they have declared to be a nuisance until this question of fact
should be judicially determined: Easton Pass. Ry. Co. v. Easton,
133 Pa. 521 ; Conestoga, etc., Turnpike Road Co. v. Lancaster,
151 Pa. 549; Cooke v. Boynton, 135 Pa. 102.

On the same principle injunctions by municipal corporations
or by private persons to restrain or abate alleged public nuisances
will not be granted until this question of fact shall be deter-
mined by a trial at law: New Castle v. Raney, 130 Pa. 546;
Rhea v. Forsyth, 37 Pa. 503 ; Mowday v. Moore, 133 Pa. 598 ;
Mirkil v. Morgan, 134 Pa. 144.

*F. E. Beltzhoover*, with him *Chester C. Bashore*, for appellee.—
There was no contract arising from the motion of June 24, 1889 :
Shuab v. Lancaster, 156 Pa. 362; Howard v. Boro. of Olyphant,
181 Pa. 197 ; In re Fell Street, 4 Kulp, 37 ; Waln v. Phila., 99
Pa. 337 ; Sower v. Philadelphia, 35 Pa. 236 ; State v. Barnet,
46 N. J. L. 62.

Public rights are not destroyed by long continued encroach-
ment or permissive trespass : Kittanning Academy v. Brown, 41
Pa. 269; O'Connor v. Pittsburg, 18 Pa. 189; Pittsburg v.
Epping Carpenter Co., 194 Pa. 318; Com. v. McDonald, 16 S.
& R. 389; McGee's App., 114 Pa. 470; Phila. & Trenton R.
R. Co., 6 Wh. 25 ; Huff v. McCauley, 53 Pa. 206 ; Baldwin v.
Taylor, 166 Pa. 507 ; Branson v. Phila., 47 Pa. 329.

The fact that there are other sources of pollution of the
stream in controversy is immaterial as a matter of defense, if
the plaintiffs themselves pollute it:  Seely v. Alden, 61 Pa.
302.

A municipality has no right to drain the sewage from a
street into a stream flowing through the property of a citizen :

Martin v. Phila., 26 W. N. C. 120 ; Eddy v. Granger, 28 L. R. A. 517.

OPINION BY WILLIAM W. PORTER, December 16, 1901 :

This action was taken by the councils of the borough of Carlisle, on June 24, 1889: " Moved that permission be given to the residents owning property along Mulberry Alley from the Church to the Spring to dig up the alley for the purpose of laying pipes for drainage. Carried." At a meeting of the borough councils held September 13, 1900, this resolution was unanimously passed: " Resolved, that in view of the petition presented to Council by the citizens of the First Ward and the report of a committee from the Board of Health, that the commissioners of Cumberland County, and all parties or persons using the drain pipe on Mulberry Alley discharging into the spring, be notified to discontinue the use of the same within thirty days of date of notice of same, or pipe will be removed."

The bill filed in this case is to enjoin the borough from executing the notice recited in the last resolution. The court below has rightly refused to continue the preliminary injunction and has dismissed the bill. When the first action above quoted, was taken by borough councils the commissioners of the county jail and the owners of two or three properties on Mulberry alley, were unable or unwilling to properly dispose of the sewage. The result was that the sewage overflowed the highways and ran upon private property. The condition was perilous to health. Thereupon, the permission was given to lay drain pipes on Mulberry alley. The work was done at the cost of the parties benefited. The drain pipe as laid conducted the sewage from the county jail and other properties into a spring or run called Letort spring. It appears that the drain debouched into the spring for nearly ten years and that the secretions became of such character and amount that the stream was alleged to have become polluted and the public health imperiled. Councils undertook, by the second action above quoted, to withdraw the permission before given and to compel the private property owners and the county commissioners to make provision for sewage in some manner other than through the drain into Letort spring.

The contention of the appellants is that the first action of

councils constituted a contract between the borough and the parties who constructed the drain. Little need be said on this point. The action taken was not by ordinance. It fulfilled none of the legal requirements of such legislation. It was not even a resolution. It was simply a motion; uncontractual in purpose and simply permissive in terms. Nothing was expressed to show that the permission was other than temporary. Furthermore, there is nothing in the motion which gives permission to do anything but to lay drain pipes on Mulberry alley. The motion does not by express terms permit the discharge of sewage into Letort spring. The resolution of September 30, 1900, notified the parties to discontinue the use of the drain pipe discharging into the spring. While this place of discharge for the drain may have been in contemplation, yet it was not expressly permitted by the motion of June 24, 1889. The present withdrawal of the permission may thus be said to be based upon a use of the drain not comprehended by the expressed terms of the original permission. Aside from this, the drain now fouling Letort spring is laid in the public highway. We are unable to find any facts disclosed in the case, or any principle of law presented, which estops the borough councils from recalling the permission to occupy the public highway. It is within the power and it is a part of the duty of councils to prevent such use of the public highways as results in injury to public health. Further than this, a municipality may not even by contract circumscribe its power to perform the duty of preserving the health of the community, and may even defeat the title of its own grantee when necessary to the performance of such duty: Western Saving Fund Society v. Phila., 31 Pa. 182. We have examined the voluminous testimony presented in this case, and find nothing therein to lead us to convict the court below of error in the finding of facts.

The decree is therefore affirmed.